No. 92-205

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

GARY L. QUIGG,

      Plaintiff and Appellant,

-vs-

JACK McCORMICK, et al.,

      Defendants and Respondents.

APPEAL FROM:    District Court of the Third Judicial District,
                In and for the County of Powell,
                The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Gary L. Quigg, Pro Se, Deer Lodge, Montana

      For Respondents:

          James B. Obie and David L. Ohler, Department of
          Corrections and Human Services, Helena, Montana

FILED

Filed: NOV 12 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 8, 1992

Decided:  November 12, 1992

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Gary Quigg appeals from an order of the District Court for the Third Judicial District, Powell County, denying his application for a preliminary injunction. We affirm.

On December 31, 1991, Quigg filed a complaint alleging, among other things, that respondents Jack McCormick and others at the Montana State Prison violated unspecified provisions of the Montana Code Annotated and the Administrative Rules of Montana in administering assessment/evaluation testing for purposes of determining appropriate treatment programs. He sought injunctive relief, a declaratory judgment and monetary damages. On the same date, he filed a motion for preliminary injunction requesting the court to restrain respondents from: (1) continuing to make recommendations for treatment programs based on current assessment and evaluation procedures; (2) operating treatment programs under current procedures for placements in those programs; and (3) conducting treatment programs not in compliance with applicable statutes and regulations. The District Court held a show cause hearing on issuance of the preliminary injunction on January 30, 1992, and entered its order denying Quigg's application for preliminary injunction on February 21, 1992.

A determination on issuing a preliminary injunction lies within the discretion of the district court. We will not interfere with the court's exercise of that discretion absent manifest abuse. Porter v. K & S Partnership (1981), 192 Mont. 175, 181, 627 P.2d 836, 839.

2

Section 27-19-201, MCA, specifies the circumstances under which a preliminary injunction may be granted. In addition, we have determined that an applicant must establish a prima facie case or show that it is at least doubtful whether he will suffer irreparable injury before such time as his rights can be litigated fully in order to meet the threshold requirement for a preliminary injunction; only where either showing is made are courts inclined to issue a preliminary injunction to preserve the status quo. Porter, 627 P.2d at 839.

The District Court did not find the existence of any of the statutory criteria for issuance of a preliminary injunction. We agree. Nor does it appear, based on the record before us, that Quigg met the threshold requirement set forth in Porter which might incline a court to issue a preliminary injunction to preserve the status quo. We hold that the District Court did not abuse its discretion in denying Quigg's application for preliminary injunction.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Affirmed.

_____
Justice

3

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4